IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO.  07-30039-GPM |
| ) | |
| QUINN R. TURNER, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Quinn R. Turner filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 38).  In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Turner on his motion (Doc. 39).  To date, appointed counsel has not filed anything on Turner's behalf.

On September 10, 2007, Turner was sentenced to 100 months for being a felon in possession of a firearm (Count 1), distribution of crack cocaine (Counts 2-4), and possession with intent to distribute crack cocaine (Count 5), all terms to run concurrently.  Although the guideline range was 121 months to 151 months on the crack cocaine charges,[1] Turner, through counsel, filed a motion for a downward variance at sentencing.  The request for variance was premised on the (at that time) upcoming amendments to the crack cocaine guideline.  The Court granted the request, in effect reducing Turner's total offense level as if the guideline amendment were applied.  Turner now asks for an additional sentence reduction under the retroactive amendment to the crack cocaine guideline.

---

[1] The felon in possession charge carried a statutory maximum of 10 years.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Turner is not entitled to an additional reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The Court granted Turner a downward variance at the time of sentencing to account for what later became a retroactive guideline amendment. The Court did not sentence Turner based on a sentencing range that subsequently was lowered; it actually sentenced him based on the lower range.

Accordingly, the motion for a sentence reduction (Doc. 38) is **DISMISSED** for lack of

jurisdiction.  The Office of the Federal Public Defender is **withdrawn** from its representation of Turner in this matter.  The Clerk of Court is **DIRECTED** to mail a copy of this order to Defendant Quinn R. Turner, #07732-025, Forrest City Medium, Federal Correctional Institutuion, P.O. Box 3000, Forrest City, AR 72336.

**IT IS SO ORDERED.**

DATED:  06/23/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge